No. 26,269.

THE MANCHESTER STATE BANK, *Appellee,* v. THE ELMO FARMERS UNION COÖPERATIVE BUSINESS ASSOCIATION, *Appellant.*

SYLLABUS BY THE COURT.

EVIDENCE—*Parol Evidence Affecting Mortgage—Permission to Sell.* The proceedings considered in an action by a mortgagee of wheat to recover its value from a purchaser from the mortgagor who claimed he had oral permission to sell, and *held,* the conversation relating to permission to sell occurred as part of the transaction embracing the giving of the mortgage, and was not admissible in evidence to qualify the lien created by the written instrument.

Appeal from Dickinson district court; CASSIUS M. CLARK, judge. Opinion filed December 5, 1925. Affirmed.

*S. S. Smith,* of Abilene, for the appellant.
*Arthur Hurd,* of Abilene, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the mortgagee of wheat to recover its value from a purchaser from the mortgagor. The defense was, the mortgagee gave the mortgagor permission to sell, and consequently title passed free from lien of the mortgage. The court instructed the jury to disregard the evidence offered to sustain the defense. The result was, plaintiff recovered, and the question is whether the instruction was erroneous.

---

Evidence, 22 C. J. §§ 1514, 1675.

On February 21, 1923, the cashier of the bank went to the home of James Monasmith, near Elmo, and procured from Monasmith an interest-bearing note to the bank for $1,235, due August 21, 1923, and a chattel mortgage securing the note. The mortgage was in the usual form, covered live stock, farm implements, and growing wheat, and was signed by Monasmith, his wife, and his son. The course of events appears to have been, discussion of the business in hand, preparation and signing of the note and mortgage, and then some talk about privilege to sell some of the wheat to pay expenses. Monasmith testified that, after the note and mortgage were given, signed by himself, his son Oliver, and his wife, the cashier told him to go ahead and sell the wheat and pay expenses. Mrs. Monasmith testified as follows:

"He [the cashier] told my husband, after we had signed the note and mortgage, that we could sell the wheat and pay his expenses out of it. We asked him, after the note and mortgage was signed and made, if we could sell it, and he said that we could. Mr. Wright [the cashier] was at our place probably half an hour after the note and mortgage were signed."

The mortgage was recorded on February 23, 1923, and Monasmith sold and delivered the wheat to defendant on August 1, 2 and 3, 1923. The signatures to the mortgage were witnessed by G. L. Wright, a notary public. On the back of the mortgage appears an affidavit of ownership signed by Monasmith, and the notary's certificate under seal that the affidavit was subscribed and sworn to before him on February 21, 1923. No witness testified to the length of time which elapsed between signing the mortgage and conversation about selling wheat, and no witness testified with respect to where the mortgage was when the conversation occurred, whether still on the table, or in the notary's possession, or in the cashier's pocket.

The question is whether the evidence establishes two distinct business transactions between the bank and Monasmith, at Monasmith's farm on February 21, 1923, resulting in two separate agreements, one evidenced by writing whereby a mortgage lien was created, and one not evidenced by writing whereby the created lien might be defeated at the will of the mortgagor. The court concludes there was only one event in time, which embraced all the details of the negotiations between the parties. The subject of the negotiations was single—security for a debt. All that was said and done with

respect to that subject, whatever the order of occurrence, constituted a single transaction. The evidence of the transaction was the note and mortgage, and parol evidence to show qualification of the lien created by the mortgage was no more competent than proof that the cashier said interest on the note would be remitted.

The judgment of the district court is affirmed.